WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Mitchell Paul Hand, | CV 05-196-TUC-DCB |
| Petitioner, | |
| v. | |
| Dora B. Schriro, et al., | **ORDER** |
| Respondents. | |

## Petition for Writ of Habeas Corpus

On March 21, 2005, Petitioner filed a pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.SC. § 2254.  The Respondents challenge the timeliness of the Petition in the Answer filed on September 22, 2005.  Respondents argue that the Petition is barred by a one-year statute of limitations and must be dismissed with prejudice.  They assert that there was no extraordinary circumstances asserted or suggested by the facts of this case that would toll the running of the limitation period.  Respondents note that the Petitioner bears the burden of showing such extraordinary circumstances to justify equitable tolling, such as being diligent in the pursuit of his rights and that his progress was hindered by an external impediment.  After notice to Petitioner of Respondent's assertions and request for dismissal of the action with prejudice, the Petitioner did not reply nor file a traverse.  The Court dismisses the Petition as time barred.

## Procedural History

Petitioner, Mitchell Paul Hand, is currently incarcerated on a Judgment of Conviction entered on December 3, 1992, in the Superior Court for the State of Arizona

in Pima County, Tucson, Arizona.  A jury convicted Petitioner of burglary in the third degree, attempted trafficking in stolen property in the first degree, trafficking in stolen property in the first degree, theft by control, and conspiracy to commit trafficking in stolen property in the second degree.  The court dismissed one count of burglary in the first degree and declared a mistrial and dismissed one count of burglary in the third degree.  The jury found certain repeat offender sentencing enhancements and the court found that there were aggravating circumstances.  The court imposed an enhanced and aggravated sentence of concurrent terms of imprisonment of 12 years for burglary in the third degree, 20 years for attempted trafficking in stolen property in the first degree, 28 years for conspiracy to commit trafficking in stolen property in the second degree.

The Petitioner filed a Notice of Appeal on December 10, 1992.  The direct appeal was stayed when he filed a first petition for post-conviction relief on December 27, 1995, in which he asserted a violation of his right to a speedy trial under Rule 8 of the Arizona Rules of Criminal Procedure because his trial commenced 71 days after the speedy trial deadline.  On March 12, 1996, the trial court ruled on the petition for post-conviction relief, denying it because the Rule 8 violation could be raised on direct appeal and because there was no violation of Rule 8.  Petitioner did not appeal this decision.

The stay was lifted on the direct appeal, and he filed his opening brief on October 30, 1996.  Petitioner argued that the trial court did not follow the correct procedure to impose restitution because it did not determine the actual economic loss caused by the offense, and his right to a speedy trial, guaranteed by Rule 8 of the Arizona Rules of Criminal Procedure, was violated.  The Arizona Court of Appeals denied the appeal, affirming Petitioner's convictions on April 15, 1997.  Petitioner did not petition the Arizona Supreme Court for review.

On July 1, 1997, Petitioner filed a second notice for post-conviction relief and filed the petition on October 6, 1998.  Petitioner argued that his trial counsel was

ineffective under the 6th Amendment and *Strickland v. Washington*, 446 U.S. 668 (1984), because he failed to file pretrial motions, including a motion to dismiss based on the alleged Rule 8 violation, a motion to suppress the witness identification, and a motion to suppress the co-defendant's hearsay testimony; did not interview the co-defendant; declined to challenge jurors on voir dire; did not effectively cross-examine certain witnesses; neglected to object to several errors, including prosecutorial misconduct; and failed to request jury instructions on lesser-included offenses and to caution the jury that a co-defendant's testimony is fraught with peril.  The trial court denied the second petition for post-conviction relief on January 20, 1999, as precluded under Rule 32.2(a)(3) of the Arizona Rules of Criminal Procedure because Petitioner failed to raise the issues in his first petition for post-conviction relief.  Further the trial court held that even if not precluded, petitioner failed to demonstrate the degree of prejudice necessary to grant relief.  Petitioner did not seek review of this decision.

On March 21, 2005, Petitioner filed a third notice of post-conviction relief and this federal habeas petition for relief from this Court under 28 U.S.C. §2254.  Petitioner has not filed his state post-conviction petition yet, but he alleges here that his trial counsel was ineffective for failing to challenge biased jury members on *voir dire;* failed to effectively cross-examine witnesses, especially police witnesses; failed to ask for a lesser included jury instruction, and that *Apprendi v. New Jersey*, 503 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004) are significant changes in the law that would probably overturn his convictions or sentences.

<u>Writ of Habeas Corpus</u>

A writ of habeas corpus is available to "a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas petition is a mechanism to test the constitutional validity of a criminal conviction.  *Waley*

*v. Johnson*, 316 U.S. 101, 104-105 (1942) (per curium).  The writ of habeas corpus protects individuals from unconstitutional convictions and protects the integrity of the criminal process by assuring that trials are fundamentally fair.  *O'Neil v. McAninch*, 513 U.S. 432, 442 (1995).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), "to restrict the availability of habeas corpus relief," *Greenawalt v. Stewart*, 105 F.3d 1268, 12751 (9th Cir. 1997), which "worked substantial changes to the law of habeas corpus." *Moore v. Calderon*, 108 F.3d 261, 263 (9th Cir.), *cert. denied*, 521 U.S. 1111(1997).  Historically, federal habeas court review was de novo. *Wright v. West*, 505 U.S. 277, 299-304 (1992) (O'Connor, J., concurring). Under the AEDPA, de novo review is no longer appropriate, and the federal courts defer to the factual findings of the state courts.  28 U.S.C. § 2254(d).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –"

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. §2254(d).  "A state court's decision can be 'contrary to federal law either 1) if it fails to apply the correct controlling authority, or 2) if it applies the controlling authority to a case involving facts 'materially indistinguishable' from those in a controlling case, but nonetheless reaches a different result."  *Van Tran v. Lindsey*, 212 F.3d 1143, 1150 (9th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362, 389 (2000)).

Under 2254(d)(1), habeas relief is required if the reviewing court can say with any degree of confidence that the state court decision is erroneous under established Supreme Court precedent.  Hertz and Liebman, "Federal Habeas Corpus Practice and Procedure" § 32.3, at 1444 (4th ed. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000)).  On the other hand, if the question is so close that the reviewing federal court has no confidence that the outcome it would reach, de novo, is more appropriate than the outcome reached by the state court, then the state court decision is not an unreasonable application of the clearly established Supreme Court precedent and relief is denied.  *Id.*

<u>Timeliness Requirements under the AEDPA</u>

Hand's petition was filed after the effective date, April 24, 1996, for the AEDPA so the provisions of the Act apply to this case. *Patterson v.* Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (*citing Smith v. Robbins,* 528 U.S. 259, 268 n. 3 (2000)).  The AEDPA imposed, for the first time, a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1).  The period is calculated from the date the judgment against the prisoner becomes final by either the conclusion of the direct appeal or the expiration of the time available to seek such review.  *Id.*[1]

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. 2244(d)(2);

---

[1]Section 2244(d) provides, in pertinent part: A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1   *see Isley v. Arizona Dep't. of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) (filing for

2   post-conviction relief tolls AEDPA statute of limitations).

3         Equitable tolling of the statute of limitations is an extraordinary remedy, *Frye v.*

4   *Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001), and it is unavailable in most cases. *Miles*

5   *v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is appropriate only

6   when extraordinary circumstances beyond a prisoner's control make it impossible to file a

7   petition on time. *Calderon v. United States Dist Cr. (Beeler)*, 128 F.3d 1283, 1288 (9th

8   Cir. 1997) (internal quotations omitted), *overruled in part on other grounds*, 163 F.3d

9   530, 540 (9th Cir. 1998) (en banc). Only extraordinary circumstances trigger equitable

10  tolling, lest the expectations swallow the rule. *United States v. Marcello*, 212 F.3d 1005,

11  1010 (7th Cir. 2000).

12        The petitioner bears the burden of justifying equitable tolling and must typically

13  demonstrate that he has diligently pursued his rights and his progress was hindered by an

14  external impediment. *See Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005); see also

15  *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000) (petitioner must demonstrate

16  causal connection between extraordinary circumstances and petition's tardiness). *Pro se*

17  status, ignorance of the law, or temporary incapacity are not extraordinary circumstances.

18  *Turner v. Johnson*, 17 F.3d 390, 392 (5th Cir. 1999), *Fisher v. Johnson*, 174 F.3d 710,

19  714-16 (5th Cir. 1999).

20        Here, the Court of Appeals decision affirming the Petitioner's conviction was

21  issued on April 15, 1997. Petitioner had 30 days to file a Petition for Review of the

22  appellate court decision with the Arizona Supreme Court. Ariz. Crim. P. 31.19. He

23  sought no such review. The one-year AEDPA statute of limitations period began to run

24  on May 15, 1997. 28 U.S.C. 2244(d). Petitioner initiated his second post-conviction

25  relief proceeding 47 days later on July 1, 1997, tolling the running of the limitation period

26  until January 20, 1999, when the trial court denied post-conviction relief. Excluding the

27

28                                        6

47 days, the Petitioner had 318 days from January 20, 1999 to file his petition for writ of habeas corpus in this Court.  In other words, the limitation period ran on December 5, 1999.

Petitioner filed his third petition for post-conviction relief in the state courts and simultaneously filed this federal habeas petition on March 21, 2005.  The filing of the state petition for post-conviction relief could not restart the statute of limitations because it had already lapsed.  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001), *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001), *cf Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (federal habeas petitioner's filing of state post-conviction relief took place well after AEDPA limitation period ended and resulted in absolute time bar to refilling federal habeas petition).  The Petitioner filed the federal petition for habeas relief over 5 years after the statute of limitation period ended.  The AEDPA one-year statute of limitation is an absolute time bar to this action.

Petitioner has not suggested any extraordinary circumstances that may be responsible for his tardiness in filing his Petition.  After getting notice by Respondent's Answer that the Petition is untimely, he has not offered even an explanation for its lateness.  There being no basis for equitable tolling of the statute of limitations, the Petition is denied and dismissed with prejudice.

**Accordingly,**

**IT IS ORDERED** that the Petition (document 1) is DENIED with prejudice as untimely.

/////

/////

7

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

DATED this 19th day of May, 2006.


David C. Bury
United States District Judge

8